IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ANGEL CABRERA, ID # 62779-509,** ) | |
|                    Movant, ) | No. 3:23-CV-0623-M (BH) |
| **vs.** ) | No. 3:21-CR-0447-M (3) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|                    Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on March 20, 2023 (doc. 1), should be **DISMISSED without prejudice**.

**I. BACKGROUND**

Angel Cabrera (Movant) challenges his federal conviction and sentence in Cause No. 3:21-CR-0447-M. The respondent is the United States of America.

On August 30, 2021, Movant was charged by complaint with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. (*See* doc. 1.)[2] He was indicted for the same offense on September 21, 2021. (See doc. 30.) On June 23, 2022, he pled guilty pursuant to a plea agreement, and he was sentenced to 262 months' imprisonment by judgment entered on November 10, 2022. (*See* docs. 63, 71, 75, 88, 153, 154.) Movant filed notices of appeal on November 17 and 18, 2023. (*See* docs. 168, 173.) His direct appeal is currently still pending before the United States Court of Appeals for the Fifth Circuit. *See United States v. Cabrera*, No. 22-11139 (5th Cir.).

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:21-CR-447-M(3).

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

"It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final." *United States v. Clark*, 816 F.3d 350, 362 (5th Cir. 2016) (citing *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972)). Motions to vacate under § 2255 are therefore "not entitled to consideration on the merits" when an appeal of the challenged conviction and sentence remains pending. *Jones* 453 F.2d at 352. This is because "the disposition of the appeal may render the [§ 2255] motion moot." *United States v. Fantozzi*, 90 F. App'x 73, 74 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds by United States v. Ortega,* 859 F.2d 327, 334 (5th Cir. 1988)); *see also Jackson v. Warden*, No. 15-CV-1179, 2015 WL 4395285, at *2 (W.D. La. July 16, 2015) ("'A district court should not entertain a habeas corpus petition while there is an appeal pending in [the appellate court] or in the Supreme Court.'") (quoting *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987), *cert. denied*, 503 U.S. 975 (1992)).

Here, Movant's appeal remains pending before the Fifth Circuit, so his conviction and sentence are not yet final. His motion to vacate should be summarily dismissed as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts without

prejudice to re-filing once his conviction becomes final. *See United States v. Redd*, 562 F.3d 309, 311 (5th Cir. 2009) (recognizing that "[f]inality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

### III.  RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DISMISSED without prejudice.**

**SIGNED this 22nd day of March, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE